(May 31, 1912.)

W. S. McCORNICK, Respondent, v. FRED BROWN, Administrator of the Estate of M. SHAUGHNESSY et al., Appellants.

[125 Pac. 197.]

FORECLOSURE OF MORTGAGE—SUFFICIENCY OF COMPLAINT—EXECUTION OF MORTGAGE—FINDINGS AND JUDGMENT.

(Syllabus by the court.)

1. A complaint which alleges that M. S. executed and delivered to W. S. McC. four promissory notes personally, and thereafter that a mortgage upon certain mining claims was executed and delivered by M. S. personally, and by W. D. S. and P. S. S. and E. B. S. Van H., for the purpose of securing such several notes executed and delivered by M. S., and that such notes have not been paid and the amount is due, states a cause of action against M. S. personally and W. D. S., P. S. S. and E. B. S. Van H. for the foreclosure of such mortgage.

2. In an action to foreclose a mortgage given to secure notes executed by M. S., where such mortgage is executed by M. S., W. D. S., P. S. S. and E. B. S. Van H., and describes certain mining claims, and a decree of foreclosure is made by the trial court, the decree should be personally against M. S. and for a foreclosure of all right, title and personal interest of M. S., W. D. S., P. S. S. and E. B. S. Van H., in and to the property described in the mortgage.

3. Where an action is brought to foreclose a mortgage against several parties and the complaint alleges that the mortgage was executed by such persons and the answer denies such execution, and

it appears from the proof that such execution was by power of attorney, and the court makes a finding that the defendants did execute such mortgage, such finding is sufficient upon the issues made by the pleadings, and it was not reversible error on the part of the court in failing to find whether the attorney in fact was duly authorized to sign the mortgage as such attorney in fact. The finding of the ultimate fact in issue in the case, to wit, that the defendants executed the mortgage, was sufficient under the issues made by the pleadings.

APPEAL from the District Court of the Fourth Judicial District for Blaine County. Hon. Edward A. Walters, Judge.

An action to foreclose a mortgage. Judgment modified.

Lynne F. Clinton, for Appellants.

A cause of action against an executor or administrator in his official capacity cannot be joined with a cause of action upon which he is personally liable. (*Christian v. Morris,* 50 Ala. 585; *McDaniel v. Parks,* 19 Ark. 671; *Schlicker v. Hemenway,* 110 Cal. 579, 52 Am. St. 116, 42 Pac. 1063; *Flinn v. Gouley,* 139 Cal. 623, 73 Pac. 542; *Sterrett v. Barker,* 119 Cal. 492, 51 Pac. 695.)

There must be a finding upon every material issue whether raised by the complaint or upon an affirmative defense alleged in the answer. (*Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490; 2 Spelling, App. Practice, sec. 591; *Uhrlaub v. McMahon,* 15 Ida. 346, 97 Pac. 784.)

Pierce, Critchlow & Barrette, and Sullivan & Sullivan, for Respondent.

This is not an action to quiet title, but to foreclose a mortgage. We must not be compelled to litigate the claims of the heirs of Eudora Shaughnessy in this action. (Wiltsie, Mortgage Foreclosure, p. 502.)

Plaintiff alleged that certain persons, whose names appeared in a mortgage as mortgagors, executed that mortgage. Plaintiff did not allege that they executed the mortgage with a pen, or by making their mark, or by employing someone else to write their names, or by the agency of an attorney in

fact. Any such allegation would have been superfluous, and the manner of execution, in so far as it might be material at all, was a matter of evidence to be adduced in the proof of the ultimate fact of the execution of the mortgage by the mortgagors. (31 Cyc. 1625.)

The court found that the defendants executed the mortgage at the time, for the purpose and in the manner alleged in the complaint. This was a finding of the ultimate fact in issue. (*Later v. Haywood,* 14 Ida. 45, 93 Pac. 374; *Adams v. Crawford,* 116 Cal. 495, 48 Pac. 488; 38 Cyc. 1966; *Moneta Canning & Preserving Co. v. Martin* (Cal.), 88 Pac. 369.)

STEWART, C. J.—This action was commenced in the district court of the fourth judicial district in and for Blaine county by W. S. McCornick, doing business as W. S. McCornick & Co., against M. Shaughnessy personally, and as executor and trustee under the will of Eudora Shaughnessy, deceased, Philip S. Shaughnessy, Walter D. Shaughnessy and Eudora B. Shaughnessy Van Horn, for the foreclosure of a mortgage upon a group of mining claims consisting of the Monarch Lode, Lot No. 37, Bay State Lode, Lot No. 38, Bon Ton Lode, Lot No. 39, and Mountain Boy Lode, Lot No. 40, in the county of Blaine.

The complaint alleges that the defendant, M. Shaughnessy, is indebted to the plaintiff upon four certain promissory notes executed by M. Shaughnessy to plaintiff as follows: One promissory note dated January 2, 1906, for the sum of $2,623; one promissory note dated April 2, 1906, for the sum of $250; one promissory note dated February 8, 1907, for the sum of $250; and one promissory note dated April 12, 1907, for the sum of $250.

It is also alleged that on the 8th day of February, 1907, the defendant, M. Shaughnessy, personally and as executor and trustee under the will of Eudora Shaughnessy, deceased, Walter D. Shaughnessy, Philip S. Shaughnessy and Eudora B. Shaughnessy Van Horn, for the purpose of securing the payment of the several notes so given, made, executed and delivered to the plaintiff a certain deed of conveyance in the

nature of a mortgage upon the property described in the complaint. This mortgage is attached to the complaint, and it appears that the same is signed as follows: "M. Shaughnessy, personally and as executor and trustee under the last will of Eudora Shaughnessy, deceased; Walter D. Shaughnessy, by M. Shaughnessy, his attorney in fact; Philip S. Shaughnessy, by M. Shaughnessy, his attorney in fact; Eudora B. Shaughnessy Van Horn, by M. Shaughnessy, her attorney in fact." The recording of the mortgage is alleged, and also that the plaintiff was the holder of the notes, and that the same had not been paid and that there is due thereon the principal and interest and attorneys' fees, and a decree of foreclosure is demanded.

The record in this case contains a copy of a demurrer filed by M. Shaughnessy as executor and trustee under the will of Eudora Shaughnessy, deceased, while the order of the trial court recites the action of the court upon the demurrer as follows: "The defendants herein, M. Shaughnessy, personally, and as executor and trustee under the will of Eudora Shaughnessy, deceased, Philip S. Shaughnessy, Walter D. Shaughnessy and Eudora B. Shaughnessy Van Horn, having heretofore, by their attorneys interposed demurrers to the complaint of plaintiff herein, and the same having heretofore been argued and submitted to the court and the court being now fully advised in the premises, it is ordered that the said demurrers and each of them be and the same are hereby overruled."

There is some controversy between counsel as to whether demurrers were filed by Philip S. Shaughnessy, Walter D. Shaughnessy and Eudora B. Shaughnessy Van Horn, but from this record we are inclined to think from the order of the trial court that demurrers were filed by all of the defendants, and this court will consider the complaint as though demurrers had been filed by all of the defendants.

The demurrer is upon the ground, first, that the complaint does not state facts sufficient to constitute a cause of action against the defendant, as executor or trustee under the will of Eudora Shaughnessy, deceased; second, that the complaint is insufficient in that (a) it does not sufficiently appear that

the defendant was ever appointed, or now is, the executor or trustee under the will of Eudora Shaughnessy, deceased; (b) it does not appear that any demand was ever made upon the defendant, M. Shaughnessy, for the payment of the note referred to in the complaint for the sum of $250, dated February 8th, 1907; (c) it does not appear that any demand was ever made upon the defendant, M. Shaughnessy, for the payment of the note referred to in said complaint, dated April 2, 1907; (d) it does not appear that the note dated April 12, 1907, was secured by the alleged assignment referred to in the complaint; third, that the complaint does not sufficiently set forth or show that the defendant, M. Shaughnessy, had the authority to execute or deliver the mortgage described in the complaint; fourth, that the complaint is insufficient because it does not appear that M. Shaughnessy had the authority to execute or deliver the assignments on property held by him as executor and trustee under the will of Eudora Shaughnessy, deceased, to secure his own private and individual indebtedness.

This demurrer was overruled, and an answer was filed.

The answer admits the execution of the mortgage, sought to be foreclosed, by M. Shaughnessy, in person and as executor and trustee, but denies the authority of Shaughnessy to execute the same as executor or trustee, and denies that Walter D. Shaughnessy, Philip S. Shaughnessy and Eudora B. Shaughnessy Van Horn executed or delivered said mortgage. The answer also admits that M. Shaughnessy, acting as attorney in fact, executed the mortgage, but denies that Shaughnessy had any right or authority to execute or deliver the same; and admits that the defendant, M. Shaughnessy, personally, and assuming to act as executor and trustee under the will of Eudora Shaughnessy, and as attorney in fact for Philip S. Shaughnessy, Walter D. Shaughnessy and Eudora B. Shaughnessy Van Horn, executed and delivered the mortgage. The answer also alleges that the property described in the mortgage belonged to the estate of Eudora Shaughnessy, deceased, and that such estate was under probate in the district court of Blaine county, and that Philip S. Shaughnessy,

Walter D. Shaughnessy and Eudora B. Shaughnessy Van Horn are the children of Eudora Shaughnessy, deceased, and as such are heirs under the will of Eudora Shaughnessy, deceased; that M. Shaughnessy in executing the mortgage assumed to act as executor and trustee of the will of Eudora Shaughnessy, deceased, and also attorney in fact for Philip Shaughnessy, Walter D. Shaughnessy and Eudora B. Shaughnessy Van Horn in the execution and delivery of the mortgage, and that the indebtedness and the whole thereof was a personal indebtedness of M. Shaughnessy.

The cause was tried to the court and findings of fact, conclusions of law and judgment entered. In the findings of fact the trial court found that the defendant, M. Shaughnessy, was indebted upon the notes set out in the complaint; that on the 9th day of February, 1907, M. Shaughnessy, personally and as executor and trustee under the last will of Eudora Shaughnessy, deceased, Walter D. Shaughnessy, Philip S. Shaughnessy and Eudora B. Shaughnessy Van Horn, for the purpose of securing the payment of said notes, executed and delivered the conveyance as a mortgage described in the complaint; that the plaintiff is owner of the notes.

As conclusions of law the court found, first, that the plaintiff was entitled to judgment against M. Shaughnessy for the principal and interest due upon the notes and attorneys' fees; second, that the plaintiff was entitled to a decree declaring the mortgage described in the complaint to be a lien upon the property described, and foreclosing the same, and for the sale of said property, with the privilege of redemption within six months from the date of said sale; and thereupon entered a decree declaring that plaintiff recover from the defendant, M. Shaughnessy, the amount due on said notes and interest and attorneys' fees, and that the mortgage be declared a lien upon the property described, and that the same be foreclosed and the property sold. This appeal is from the judgment and decree.

It is contended on behalf of appellant that the complaint is defective because the action being a proceeding to foreclose a mortgage against an estate, the complaint should allege,

first, the presentation of the claim to the executor or trustee, and, second, that there was an executor and trustee of the estate of Eudora Shaughnessy, deceased; third, that the complaint does not allege an express waiver of recourse against any other property of the estate; fourth, that the complaint does not allege that Shaughnessy was an attorney in fact for the other defendants alleged to have signed the mortgage by power of attorney, or that M. Shaughnessy had authority to execute the mortgage.

As to this being an action to foreclose a mortgage, there can be no question. From the allegations of the complaint it clearly appears that the action is against M. Shaughnessy, personally, for the debt represented by the notes and described in the complaint, and for a foreclosure of the mortgage as against M. Shaughnessy and Philip S. Shaughnessy, Walter D. Shaughnessy and Mary D. Shaughnessy, upon the property described in the complaint, and that the action is not against M. Shaughnessy as executor or trustee of the estate of Eudora Shaughnessy, deceased. This being true, it was not necessary to allege in the complaint that the claim was presented to M. Shaughnessy as executor or trustee of the estate of Eudora Shaughnessy, deceased, or that there was an executor or trustee of the estate of Eudora Shaughnessy, deceased.

There are no allegations in the complaint or any claim made in this action that M. Shaughnessy was in possession of any property as executor or trustee of the last will of Eudora Shaughnessy, deceased, or that this was a proceeding against such estate. From the complaint it is apparent that the action is against certain persons, naming them, who are alleged to have executed a mortgage, and in the complaint they were described by the same names as their signatures appeared to the mortgage, and the use of the words "executor and trustee" is merely a description of the person, and is so treated in this action.

Whether the complaint was insufficient because it is not alleged that Shaughnessy was attorney in fact for the other defendants and had power and authority to execute the

mortgage is immaterial, because it is specifically alleged in the complaint that the persons whose names appear as signers of the mortgage executed the mortgage. The manner of execution was a matter of defense, and the complaint was sufficient, as it alleged that the mortgage was executed by the parties named. (31 Cyc. 1625.) We think, therefore, that the complaint was sufficient and states a cause of action for the foreclosure of the mortgage against the defendant, M. Shaughnessy, personally, and the other defendants named in the complaint who are alleged to have executed and delivered the mortgage.

The next question presented upon appeal is that the court failed to find that M. Shaughnessy had authority to execute the mortgage on behalf of the other defendants as their attorney in fact. The court did find that "the mortgage was executed by the defendants, M. Shaughnessy, personally, and as executor and trustee under the last will of Eudora Shaughnessy, deceased, Walter D. Shaughnessy, Philip S. Shaughnessy and Eudora B. Shaughnessy Van Horn, for the purpose of securing the payment of several promissory notes so given as aforesaid." This is a finding of the ultimate fact in issue in the case, to wit, that said defendants executed the mortgage. The answer denied that these defendants executed said mortgage. This was a direct issue of fact and when the court found that the defendants had executed the mortgage, it was a finding on the ultimate, material fact, put in issue by the pleadings. The defendants in the case offered no evidence on behalf of defendants sustaining the allegations of the answer, or which in any way controverted the allegations of the complaint. The court having made this finding, such finding gave the plaintiff the right to recover upon the issue made. There were no independent acts upon which the court was required to make a finding.

In the case of *Later v. Haywood*, 14 Ida. 45, 93 Pac. 374, this court said: "These principal probative facts may have all been true, when separately stated, yet if taken as a whole, and each modified, limited and explained by the other, as one transaction, it still might have been true that all these

matters constituted one and the same transaction, and that the deed from Hill to the defendant was in fact and in truth a mortgage. The plaintiffs were entitled to a finding upon this issue. It is the 'bone of contention' under the pleadings, and it is the center about which, and to support which, all the evidence would certainly have to be directed under the pleadings. A finding upon this question would certainly affect and control the judgment to be entered. If the finding upon this material issue was in favor of the plaintiff, it is apparent that the judgment must follow the finding and also be in favor of the plaintiff.'' In support of this rule we also cite: *Adams v. Crawford,* 116 Cal. 495, 48 Pac. 488; 38 Cyc. 1966.

The evidence introduced in the trial of the case is not before this court, and it will be presumed, in the absence of such evidence, that the evidence was sufficient to justify the trial court in finding that the mortgage was executed by the defendants.

The judgment is clearly in accordance with the findings of fact and conclusions of law, and clearly shows upon its face that the court did not decree a lien on property of the estate of Eudora Shaughnessy, deceased. The judgment declares a lien on the property described in the mortgage, and includes any interest therein which may belong to the defendants. Counsel for defendants, Walter D. Shaughnessy, Philip S. Shaughnessy and Eudora B. Shaughnessy Van Horn, upon the appeal, argue that the findings do not show that the mortgage was executed by them personally and not by their attorney in fact, and that the evidence does not show that it was for their own benefit exclusively. The evidence is not here, and we are unable to say what it proves. It may be that they expressly requested the plaintiff to loan the money to M. Shaughnessy on the giving of the mortgage, and in the absence of anything to the contrary this court will presume that the evidence so showed. And if the money was loaned by the plaintiff to Shaughnessy, and Shaughnessy was to pay the same over to the defendants and failed to do so, it was a matter of defense, and should have been pleaded

and some evidence presented to this court upon which such question could have been determined.

Objection is also urged against the form of the decree. It is claimed that the same is against an estate in the property described in the mortgage, and that the decree limits the period of redemption to six months. We have carefully examined the decree in this case and find nothing in the decree which justifies such a contention. The first part of the decree is to the effect "that the plaintiff do have and recover from the defendant, M. Shaughnessy, the sum of $3,373.00," with certain interest and attorneys' fees. This part of the decree is against M. Shaughnessy, personally. It then further provides: "That the mortgage set forth in the complaint in this action and described and referred to in the findings of fact herein, be and the same is declared to be a lien upon the property therein described."

The decree, in so far as the foreclosure of the mortgage and the interest in the property included in said mortgage, is somewhat indefinite and uncertain, and should be modified and the decree declare "that the mortgage set forth in the complaint and referred to in the findings of fact is a lien upon whatever interests the defendants personally had in the property described in the mortgage and complaint, to wit, the Monarch Lode No. 73, Survey No. 37, Bay State Lode No. 74, Survey No. 38, Bon Ton Lode No. 75, Survey No. 39 and Mountain Boy Lode No. 76, Survey No. 40; and that the interests of said defendants personally in said property be sold under said decree to pay the amount of said judgment."

It is stipulated that since the commencement of this case M. Shaughnessy died, and that Fred Brown has been appointed and qualified and is acting as administrator of the estate of M. Shaughnessy. It is therefore ordered that said Fred Brown, administrator of the estate of M. Shaughnessy, shall be substituted as a party to the action and as a party to the decree in place of M. Shaughnessy.

It is also stipulated and agreed between the parties that T. H. Monohan has been appointed administrator with the will annexed of the estate of Eudora Shaughnessy. It is

therefore ordered and directed that T. H. Monohan, administrator under the will of the estate of Eudora Shaughnessy, be substituted instead of M. Shaughnessy as executor and trustee under the will of Eudora Shaughnessy, deceased.

It is also stipulated that Walter D. Shaughnessy has died since this action was commenced, and that Philip S. Shaughnessy and Mary D. Shaughnessy have been appointed administrators of the estate of Walter D. Shaughnessy. It is therefore ordered and directed that Philip S. Shaughnessy and Mary D. Shaughnessy, administrators of the estate of Walter D. Shaughnessy, be substituted as defendants and as parties to said decree in place of Walter D. Shaughnessy.

It is therefore ordered that the judgment be modified as indicated in this opinion. The trial judge is directed to enter a modified decree in accordance with this opinion, and the parties shall be stated as above indicated in this opinion. Costs awarded to appellants.

Ailshie and Sullivan, JJ., concur.