(January 9, 1920.)

## THE CANADIAN BIRKBECK INVESTMENT & SAVINGS COMPANY, Now the CANADIAN MORTGAGE INVESTMENT COMPANY, Respondent, v. N. WILLIAMSON, Appellant.

[186 Pac. 916.]

Mortgages—Acceleration Clause—Limitations — Judgments — Law of Forum.

1. Where a contract contains an acceleration clause, positive in its terms and without any optional features in it, a default under said clause renders the entire indebtedness due and the statute of limitations runs from such default.

2. The statute of limitations begins to run from the time when the cause of action accrues.

3. C. S., sec. 6949, relative to the foreclosure of mortgages, has no extraterritorial effect, and relates exclusively to mortgages on property in Idaho.

4. A personal judgment rendered upon personal service had without the jurisdiction of the court is void and can be used for no purpose whatever.

5. In the absence of a local statute to the contrary, the limitation of time for bringing an action upon contract depends upon the law of the forum.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steel, Judge.

Action for debt upon certain mortgages. Judgment for plaintiff. *Reversed.*

Morgan & Boom, for Appellant.

The statute of limitations begins to run against a cause at and from the time when an action may properly be commenced thereon. (*Pridgeon v. Greathouse,* 1 Ida. 359; *Osburn v. Hopkins,* 160 Cal. 501, Ann. Cas. 1913A, 413, 117 Pac. 519.)

Where a contract contains an acceleration clause positive in its terms and without any optional features in it, a default under said clause renders the entire indebtedness due and the statute of limitations runs from such default. (*Snyder v. Miller,* 71 Kan. 410, 114 Am. St. 489, 80 Pac. 970, 69 L. R. A. 250; *Buss v. Kemp Lumber Co.,* 23 N. M. 567, 170 Pac. 54, L. R. A. 1918C, 1015; *Lovell v. Goss,* 45 Colo. 304, 132 Am. St. 184, 22 L. R. A., N. S., 1110, 101 Pac. 72.)

A personal judgment rendered upon personal service had without the jurisdiction of the court is void and can be used for no purpose whatever. (23 Cyc. 1583; *Bennett v. Wilson,* 122 Cal. 509, 68 Am. St. 61, 55 Pac. 390; Freeman on Judgments, sec. 117; *Jefferson v. Gallagher,* 56 Okl. 405, 150 Pac. 1071; *National Bank of St. Johnsbury v. Peabody,* 55 Vt. 492, 45 Am. Rep. 632; *Iles v. Elledge,* 18 Kan. 296.)

C. S., sec. 6949, has no extraterritorial effect and relates exclusively to mortgages in Idaho. (*McGue v. Rommell,* 148 Cal. 539, 83 Pac. 1000; *Denver Stockyards Bank v. Martin,* 177 Cal. 223, 170 Pac. 428.)

In the absence of a local statute changing the rule, it is established by the overwhelming weight of authority that the limitation of time for bringing an action upon a contract depends upon the law of the forum. (*Thomas v. Clarkson,* 125 Ga. 72, 54 S. E. 77, 6 L. R. A., N. S., 658.)

J. H. Forney, for Respondent.

The mortgages were made and all the terms and conditions thereof were to be performed in Alberta, Canada. The law of the place where the contract is made became a part of the contract. (9 Cyc. 582; *Sterrett v. Sweeney,* 15 Ida. 416, 424, 128 Am. St. 68, 98 Pac. 418, 20 L. R. A., N. S., 963; 5 R. C. L. 931; *Meier & Frank Co. v. Bruce,* 30 Ida. 732, 738, 168 Pac. 5.)

An agreement in a mortgage maturing the entire debt on default of any payment of interest when due is not inconsistent with the agreement made with defendant assuming the mortgages, in maturing the debt at the option of the plaintiff on default of payments of interest. (*Clark v. Paddock*, 24 Ida. 142, 151, 132 Pac. 795, 46 L. R. A., N. S., 475; *Mason v. Luce*, 116 Cal. 232, 237, 48 Pac. 72; *White v. Krutz (McMillan)*, 37 Wash. 34, 79 Pac. 495; *Core v. Smith*, 23 Okl. 909, 102 Pac. 114.)

Statute runs against mortgage obligation when deficiency ascertained and not against grantee's promise to pay as a new and independent agreement. (*Roberts v. Fitzallen*, 120 Cal. 482, 52 Pac. 818, 819; *Clark v. Paddock, supra.*)

"Whenever a debt becomes due, and is not paid in accordance with the terms of the contract, a cause of action thereupon arises. This exists as an absolute and unqualified right independent of where the debtor may be. His absence from the state in no way affects the right of the creditor to commence his action. His absence from the jurisdiction simply affects the service of process, and avoids the possibility of the debtor securing a personal service on the defendant and a personal judgment against him, but it in no way affects a judgment *in rem* against any property he may have within the jurisdiction, nor does it affect the right to commence the action." (*West v. Theis*, 15 Ida. 167, 128 Am. St. 58, 96 Pac. 932, 17 L. R. A., N. S., 472.)

REDDOCH, District Judge.—This action is based upon two mortgages covering real estate located in the Province of Alberta, Dominion of Canada, which were assumed by the appellant on Feb. 1, 1909. One of said mortgages is dated Nov. 14, 1906, and the other April 18, 1907. The first in point of time was given to secure the sum of $1,500, and provides that it shall be payable in monthly instalments of $22.50, payable on or before the first day of each month for a period of 96 months next ensuing from its date, the first instalment to become due and payable on the last day of December, 1906. The second in point of time was given to secure the sum of

$2,000 and provides that it is payable in monthly instalments of $26.60, payable on or before the first day of each month for a period of 126 months next ensuing from its date, the first instalment to become due and payable on the last day of May, 1907. No promissory note was made by the parties in the execution of these instruments, and there is no fixed date for the complete maturity of either. Each contains an acceleration clause which, under certain conditions, renders the entire amount immediately due. In each it is provided that the mortgagee may pay all insurance premiums, and that any money so paid, with interest thereon, shall be added to the principal indebtedness and such money so expended shall be payable by the mortgagor with the next monthly instalment to thereafter fall due. Each further provides that all taxes may be paid by the mortgagee and numerous other expenses incurred by it, and that each and all of said items so expended shall become a lien upon the property and a charge against the mortgagor, and become due and payable on or before the first day of January of each year. The acceleration clause above referred to and which is the same in each instrument is as follows:

"It is hereby agreed between the parties hereto that if any default shall at any time be made in the payment of any of said monthly instalments or any part thereof, then and in such case the whole money hereby secured shall forthwith become due and payable in like manner and with the like consequences and effects to all intents and purposes whatsoever as if the time mentioned herein for payment of the last monthly instalment hereby secured had fully come and expired, but on payment of all arrears and costs at any time before judgment in the premises recovered, the mortgagor shall be relieved from the consequences of nonpayment of the instalments not then payable by lapse of time."

At the time the instruments were executed, one Arthur Collyns was the registered owner under the Land Title Act of the Province of Alberta of the land covered by said instruments. Thereafter said Collyns transferred the lands covered

by said mortgages to one D. S. Alley, and on Feb. 1, 1909, appellant purchased from said Alley the premises covered by said mortgages and entered into two contracts, under and by virtue of which he assumed and agreed to pay said mortgages. Said contracts are the same in each instance, in which Douglas S. Alley of High River, Province of Alberta, Canada, is the party of the first part, and N. Williamson, of Moscow, Idaho, the party of the second part, and respondent herein, of the third part, and it recites the execution of the mortgages, that the party of the second part has purchased the lands and premises, and alleges he is the owner in fee simple thereof, subject to the said mortgage and has assumed payment of the mortgage debt and has agreed with the company to pay off the same; that in consideration of the premises and the sum of one dollar, it is agreed by and between the parties hereto as follows:

"1. That the party of the second part agrees to punctually pay the amount of principal money, interest and other charges as provided in the said mortgage to the said company upon the days and times and in the manner therein provided, and to faithfully observe and perform all of the covenants entered into by the party of the first part and contained in the said mortgage.

"2. Provided, that nothing herein contained shall in any way affect or prejudice the rights of the said company against the said party of the first part, his heirs, executors, administrators or assigns, or as against any surety for the payment of the said mortgage debt or any part thereof, or any other liability under the said mortgage.

"3. Provided further, that nothing herein contained shall affect the charge of the company on the said lands under the said mortgage, and that in default of payment of the moneys secured by the said mortgage or any part thereof, these presents shall, at the option of the said company, be null and void, and the mortgage with all its terms and conditions unaltered, be and remain in full force and effect."

It is alleged that certain expenditures were made by the mortgagee, under the first instrument, in 1911, which should have been repaid on or before the first day of the succeeding January; that repayment thereof has not been made; that $10.50 of the monthly instalment due March 1, 1913, was not paid and the monthly instalments thereafter were not paid. In April, 1911, and at other dates in 1911, certain items chargeable under the second instrument were paid by the respondent, which were to be repaid on or before the first day of January next ensuing, which have never been repaid. On May 8, 1912, respondent paid an insurance premium, which, under its terms, was to be repaid when the next monthly instalment thereafter fell due on May 31st, which has not been repaid. Later insurance premiums are also alleged to be in default. The monthly instalments provided for have not been paid since and including the month of November, 1913. On October 28, 1915, an action was commenced in the courts of Alberta for the purpose of foreclosing said mortgages, and an order was made and entered for service upon appellant at Moscow, Idaho, at which place he was subsequently served. Thereafter such proceedings were had that a purported deficiency judgment was taken against him in said action; that said proceedings are in full force and effect and have not been annulled or reversed, and are now and were, final, and have not been appealed from. The complaint herein was filed in the district court on Feb. 4, 1919. Thereafter appellant demurred to the complaint, and at the same time filed his motion asking that respondent be required to elect between its several causes of action. The demurrer and motion were, by the court, overruled, whereupon appellant refused to plead further and judgment was entered against him for $4,280.98, from which judgment this appeal was prosecuted.

It is contended by appellant that the cause of action is barred under C. S., sec. 6609, and as we view the case, this question is decisive of this appeal. The question, then, to be determined is, When did the cause of action accrue? This must be determined by the acceleration clause in the mort-

gages and appellant's contract, wherein he assumed and agreed to pay the same.   Counsel for respondent contends that subdivision 3 of the contract of appellant assuming and agreeing to pay the mortgages gave respondent an option to declare the instalments and indebtedness under the mortgages due, and that the mortgages and assumption contracts should be construed together, while counsel for appellant contends that the assumption contracts gave to respondent no such option.

Said subdivision 3 above set forth provides: "That in default of payment of the moneys secured by the said mortgage or any part thereof, these presents shall, at the option of the said company, be null and void and the mortgage with all its terms and conditions unaltered be and remain in full force and effect."   The language here employed seems conclusive of the effect to be given this paragraph of the contract, so far as it affects the maturity of the debt.   What option is given respondent?   The parties say it is to declare these presents void and of no effect.   This obviously refers to the assumption contract and gives respondent the option to disregard it and look to the mortgage with all its terms and conditions unaltered to secure the amount due it.   This interpretation seems to be reinforced by subdivision 2 of the assumption contract, wherein it is provided: "That nothing herein contained shall in any way affect the rights of the company against the party of the first part, his heirs, executors, administrators or assigns, or against any surety for the payment of the mortgage debt or any part thereof, or any other liability under the mortgage."   The option given respondent by the assumption agreement was to disregard it entirely, if it saw fit to do so, and fall back upon its mortgage with all its terms and conditions unaltered for its money.   It is clear that the accrual of the cause of action must be determined from the acceleration clause in the mortgages.   In the complaint filed in the court of Alberta, and also in this action, respondent relied upon the acceleration clause to declare the principal, interest and moneys paid by it under the mortgages as due and payable.   Where a contract contains an acceleration clause positive in its terms and

without any optional features in it, a default under said clause renders the entire indebtedness due and the statute of limitations runs from such default. (*Snyder v. Miller,* 71 Kan. 410, 114 Am. St. 489, 80 Pac. 970, 69 L. R. A. 250; *Buss v. Kemp Lumber Co.,* 23 N. M. 567, 170 Pac. 54; L. R. A. 1918C, 1015; *Lovell v. Goss,* 45 Colo. 304, 132 Am. St. 184, 101 Pac. 72, 22 L. R. A., N. S., 1110.) The default of appellant, as interpreted by the respondent under the acceleration clause, rendered the entire indebtedness thereunder due and payable. Its right of action then accrued and the statute of limitations began to run from such default. (*Pridgeon v. Greathouse,* 1 Ida. 359; *Osburn v. Hopkins,* 160 Cal. 501, Ann. Cas. 1913A, 413, 117 Pac. 519.)

The Land Titles Act of Province of Alberta in force at the time the mortgages were executed by section 52 in substance provided, that in every instrument transferring lands there shall be implied the covenant by the transferee with the transferrer and the mortgagee, that the transferee will pay the principal, interest and other moneys properly chargeable under the mortgage, and by sec. 62 of said act it is in substance provided that proceedings to enforce payment of moneys secured by mortgage or encumbrance, or the observance of the covenants, agreements, stipulations or conditions therein, or for the sale of the lands, or to foreclose the estate, interest or claim of any person in or upon the land mortgaged or encumbered, as also proceedings to redeem or discharge any land from any such mortgage or encumbrance, may be had and taken in the supreme court of the Northwest Territories, or any court hereafter constituted exercising within the province the jurisdiction, powers and authority at the date of the passage of this act exercised by said supreme court under the practice and procedure of said court. So far as material here in 1916, said Land Titles Act was amended to the following effect, that where any action or proceedings have been taken or shall thereafter be taken in any court to enforce the observance of the covenants, agreements, stipulations or conditions contained in any mortgage, and personal judgment has or

shall be obtained, no execution shall issue until the mortgaged premises have been sold, and then only for the amount of the judgment debt remaining unsatisfied with costs.

Said Land Titles Act was again amended in 1917, so far as material here to the following effect, that no execution shall issué and no proceedings shall be had or taken in respect of any execution already issued on any personal judgment obtained, either before or after the amendment, under the covenants, agreements or conditions contained in any mortgage for the sale of land or under any foreign judgment obtained in respect thereof, whether the land described in the mortgage has its situs within the Province of Alberta or elsewhere, until the sale of the land mortgaged, and levy shall then be made only for the amount remaining unsatisfied with costs.

It is contended by respondent that it had no standing in the courts of Idaho until the mortgages were foreclosed and the deficiency ascertained in the Canadian court. We do not follow counsel in this contention, for the reason that respondent was at liberty to sue in the courts of Idaho at all times after the appellant's default, as C. S., sec. 6949, has no extraterritorial effect, and relates exclusively to mortgages on property in Idaho. (*McGue v. Rommell,* 148 Cal. 539, 83 Pac. 1000; *Denver Stockyards Bank v. Martin,* 177 Cal. 223, 170 Pac. 428; *Felton v. West,* 102 Cal. 266, 36 Pac. 676.) And, besides, this action is based upon and must be determined by the terms of the mortgages themselves, and while respondent has pleaded and relies upon the deficiency judgment rendered against appellant by the court of Alberta, upon personal service in this state as an additional ground of liability, such judgment did not give it any better standing than that afforded it by the original obligation. A personal judgment rendered upon personal service had without the jurisdiction of the court is void and can be used for no purpose whatever. (23 Cyc. 1583; Freeman on Judgments, sec. 117; *Jefferson v. Gallagher,* 56 Okl. 405, 150 Pac. 1071; *National Bank of St. Johnsbury v. Peabody,* 55 Vt. 492, 45 Am. Rep. 632; *Iles v.*

*Elledge*, 18 Kan. 296; *Pennoyer v. Neff*, 95 U. S. 714, 24 L. ed. 565, see, also, Rose's U. S. Notes.) The action of the provincial legislature of Alberta did not affect the running of the statute of limitations in Idaho after the accrual of the cause of action. In the absence of a local statute changing the rule, it is established by the overwhelming weight of authority that the limitation of time for bringing an action upon a contract depends upon the law of the forum. (*Thomas v. Clarkson*, 125 Ga. 72, 54 S. E. 77, 6 L. R. A., N. S., 658.)

It thus appears that more than five years have elapsed since the moneys became due, by reason of appellant's default, before this action was filed, and that the same is therefore barred under C. S., sec. 6609, of Idaho. It is unnecessary to discuss the other assignments of error.

The judgment is reversed, with directions to the lower court to dismiss the action. Costs awarded to appellant.

Rice and Budge, JJ., concur.