(No. 4798.   December 27, 1927.)

JACOB MASON, H. W. RIEDEMAN, R. W. JANSEN, J. S. JANSEN, MRS. E. J. JANSEN, MYRON MASON, Jr., A. J. JANSEN, Appellants, v. B. F. JANSEN and HALLIE JANSEN, Respondents.

[263 Pac. 484.]

ATTACHMENT—MOTION TO DISSOLVE.
>    Fact that security for payment of note held by accommodation indorsers, bringing suit against makers, was located in another state, *held* not to defeat maker's right to have attachment discharged under C. S., secs. 6779, 6780.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Appeal from order dissolving attachment.   Judgment for defendant.   *Affirmed.*

Turner K. Hackman, for Appellants.

"Every statute is confined in its operation to the persons, property, rights, or contracts, which are within the terri-

Publisher's Note.

See Attachment, 6 C. J., sec. 117, p. 87, n. 56; sec. 990, p. 425, n. 22 New.

torial jurisdiction of the legislature which enacted it. The presumption is always against any intention to attempt giving to the act an extraterritorial operation and effect. . . . No law has any effect of its own force beyond the limits of the sovereignty from which its authority derived.'' (*Walbridge v. Robinson*, 22 Ida. 236, 125 Pac. 812, 43 L. R. A., N. S., 240.)

Sweeley & Sweeley, for Respondents.

An attachment can issue only where the contract is not secured by any mortgage or lien upon real or personal property (C. S., secs. 6779, 6780), and an attachment issued where there is security for the contract must be discharged on motion. (*Jenkins & Co. v. McKenzie*, 41 Ida. 76, 238 Pac. 294; *Hill v. Bennett*, 37 Ida. 161, 215 Pac. 471.)

If plaintiffs have a lien on property outside of the state to secure their debt an attachment cannot issue. (*Hill v. Grigsby*, 32 Cal. 55.)

GIVENS, J.—Appellants, accommodation indorsers on a note, and as such previously compelled to pay the same, brought suit against the respondents, the original makers, and had an attachment issued. Respondents admitted liability but resisted the attachment on the ground that appellants held security in the state of Iowa for the payment of the note, and that under C. S., secs. 6779, 6780, the attachment should have been discharged, as it was, by the trial court. Appellants contend that said sections of the statutes have no application because the security was without the state of Idaho.

The statute makes no such exception, and to read it in would be judicial legislation and unjustifiable. The statute in this respect is plain, clear and unambiguous, and needs no interpretation.

California has held, under a statute identical with ours so far as this point is concerned, that the inhibition applies though the security be without the state. (*Hill v. Grigsby*, 32 Cal. 55.)

The decision of the trial court is therefore affirmed and costs are awarded to respondents.

Wm. E. Lee, C. J., and Budge, Taylor and T. Bailey Lee, JJ., concur.

(February 6, 1928.)

ON PETITION FOR REHEARING.

T. BAILEY LEE, J.—On petition for rehearing, appellants, in addition to the arguments already advanced, insist that the statute permitting attachment only in the absence of security has no application to an indorser of a secured promissory note. Conceding that this were true, it could have no application to the facts here. Appellants did not sue as indorsers but they sued upon the secured contract between the immediate parties, pleading themselves the owners and holders of the particular note, and praying enforcement of all its terms, including the payment of attorney's fees. They stand, therefore, in the shoes of the original payee holding mortgage security. They have seen fit to come into an Idaho court, seeking an ancillary remedy under Idaho laws upon a contract undertaken in Iowa. The Idaho statute imposes conditions. Before the remedy can be available, these conditions must be met. The incident condition is that the debt be unsecured. The situs of the security is therefore immaterial. The fact that the security lies in Iowa cannot strip the debt of its admitted attribute. To the contention that the statute has no extraterritorial operation, we assent. As was said in *Walbridge v. Robinson*, 22 Ida. 236, 125 Pac. 812, 43 L. R. A., N. S., 240:

"Every statute is confined in its operation to the persons, property, rights, or contracts, which are within the territorial jurisdiction of the legislature which enacted it."

Here, the parties are before the court, their respective rights and agreements are disclosed by the court, property within the court's jurisdiction is sought to be attached, and

the court asks the creditor: "Have you security?" What can the answer be but "Yes"? We have held that C. S., sec. 6949, does not prohibit an independent suit on a mortgage debt where the security is without the state. (*Canadian Birkbeck etc. Co. v. Williamson,* 32 Ida. 624, 186 Pac. 916.) Because the creditor may so sue, it does not follow that he may attach. Section 6949 applies only to mortgage securities: it has no reference to any other species of security. One who holds other security by way of lien or pledge may sue direct without foreclosure. (*Jones v. Evans,* 6 Cal. App. 88, 91 Pac. 532, 534.) But he may not attach, for, having security, he is barred by the statute. We do not think the legislature ever contemplated excluding from the attachment statute securities without the state. Endless confusion and prejudice to resident citizens would result. A nonresident creditor holding collateral could attach a resident's property while a local creditor so secured would be denied the remedy. The mortgagee of a band of sheep in Utah could attach his debtor's Idaho property to the discrimination of creditors holding security in Idaho. No such preference of one creditor over another could have been intended. There is no force in the argument that the rule announced in *Hill v. Grigsby,* 32 Cal. 55, has been rendered inapplicable by *Felton v. West* and the later decisions cited. In the Grigsby case, an independent suit for purchase money secured by a vendor's lien in Nevada was entertained, the court saying that the vendor's position was similar to what it would have been had he taken a mortgage from the vendee. And at that time secs. 120 and 246 of the California Practice Act (Stats. 1851, pp. 68, 91), corresponding to C. S., secs. 6779 and 6949, were in full force and effect.

Petition denied.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.