(No. 5263.    September 26, 1929.)

BERTHA J. MORTON, Appellant, v. M. L. FULLER, Respondent.

[281 Pac. 377.]

Alvin Denman, for Appellant.

A. H. Wilkie, for Respondent, cites no authorities on points decided.

GIVENS, J.—Appellant sued to recover funds claimed to have been given her husband in trust for appellant. Respondent denied the trust, urged the statute of limitations had run against an action as for money had and received to recover these funds, and further claimed that all property rights between the parties had been settled by agreement pending a divorce later granted.

.The court found that appellant had failed to establish the allegations of her complaint and that the agreement settled all their property rights. Appellant contends the agreement did not settle her separate property which she claims these funds were, because they were not specifically mentioned, but the court found they were settled, and since the evidence is not in the record, we must presume that it was sufficient to sustain the findings as above indicated. (*State v. Perry*, 4 Ida. 224, 38 Pac. 655; *McCornick v. Brown*, 22 Ida. 52, 125 Pac. 197; *Needham v. Needham*, 34 Ida. 193, 200 Pac. 346; *Gaines v. Waters*, 64 Ark. 609, 44 S. W. 353; *Means v. Gotthelf*, 31 Colo. 168, 71 Pac. 1117; *Means v. Stow*, 31 Colo. 282, 73 Pac. 48; *Knickerbocker v. McKindley Coal & Mining Co.*, 172 Ill. 535, 64 Am. St. 54, 50 N. E. 330; 4 C. J. 196.)

Appellant urges that respondent had the burden of showing that the separation agreement was fairly entered into without overreaching or fraud.

Separation agreements are presumptively valid and it is unnecessary to plead their fairness when set up as a defense in an action of this kind. (*Daniels v. Benedict*, 97 Fed. 367, 38 C. C. A. 592.) No issue having been presented on the fairness of the agreement, it was unnecessary for the court to make a finding thereon.

If appellant wished to rely on the lack of equity in the agreement, she should have so alleged, and prayed for its cancelation. But she failed to mention it.

■ Granting that the plea of the statute of limitations should have been stricken from the answer on the theory that it would not begin to run as against a trust until a repudiation thereof, which was within the statutory period, the court having found that appellant had not established any trust and that all property rights had been settled, appellant was not prejudiced by the refusal to strike or the further conclusion that the statute had run against any action as for money had and received.

This conclusion renders it unnecessary to consider the motion to dismiss the cross-appeal.

The judgment is affirmed. Costs awarded to respondent.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.

Petition for rehearing denied.