344 So.2d 505 (1976)
Milton HEWLETT
v.
JOHN BLUE EMPLOYEES FEDERAL CREDIT UNION, a corporation.
Civ. 857.
Court of Civil Appeals of Alabama.
October 27, 1976.
Rehearing Denied November 24, 1976.
*506 James M. Gaines, Thomas G. Keith, Charles G. Spradling, Jr., and Edward H. Stevens, Legal Aid Society of Madison County, Huntsville, for appellant.
Ford, Caldwell, Ford & Payne, and J. R. Brooks, Huntsville, for appellee.
HOLMES, Judge.
This is an appeal from a judgment in favor of the plaintiff on his original complaint and against defendant on his counterclaim. Defendant-Hewlett takes this appeal from the trial court's action in failing to grant a judgment in favor of Hewlett on his counterclaim.
The plaintiff-credit union's original complaint sought recovery of two automobiles and $2,894.65 as the alternate value of the vehicles. Hewlett's counterclaim sought damages against the credit union for alleged violations of Tit. 15, § 1601, et seq., U.S.C.A., the "Truth in Lending Act"; and Federal Regulation Z, 12 CFR 226. To the counterclaim, the credit union filed an answer alleging, among other things, that the counterclaim was barred by the statute of limitations. As noted earlier, the trial court denied the counterclaim, and Hewlett appeals.
The dispositive issue, as this court perceives it, is: Was the counterclaim timely filed? We answer in the negative and affirm.
At the outset, we note that it is apparent that oral testimony was taken in the trial. However, it is clear from the record that this testimony is not before us. The credit union argues that this precludes a consideration of the appeal.
Specifically, Hewlett requested that none of the reporter's transcript was to be transcribed. He (Hewlett) then informed the credit union of the issues involved, one of which was: Was the defendant's counterclaim barred by the statute of limitations? The credit union then specifically accepted appellant's designation of the record. We therefore find that the appeal of the issues involved are properly before this court. For a discussion by this court of the relationship of Rule 10, ARAP, and the principle of law concerning review by the appellate court when it affirmatively appears there was evidence before the trial court that is not in the record on appeal, see Adams v. Adams, Ala.Civ.App. ___, 335 So. 2d 174. Suffice it to say that Rule 10, ARAP, has substantially altered the aforementioned principle of law.
The record reveals that on May 9, 1973, Hewlett entered into a consumer credit transaction with the credit union. At that time, three documents were signed, one of which was a consumer credit disclosure form. The other two documents were a loan application and a note in the amount of $4,100. Thereafter, on May 5, 1975, the credit union filed suit. The complaint and other pleading alleged that the security agreement was breached on September 5, 1974. In June of 1975, Hewlett's aforementioned *507 counterclaim was filed. The counterclaim contends the consumer credit disclosure form violates the Truth in Lending disclosure's requirement in two respects. First, the form failed to disclose the total of payments scheduled to repay the loan and, second, that the security interest is not clearly disclosed.
It is clear from the above that the basic instrument upon which the lawsuit is bottomed was executed in May of 1973. It is equally clear that the original complaint against Hewlett was filed in May of 1975, alleging that the breach occurred in September of 1974. No pleading filed by Hewlett, to this court, contradicts the date of the breach. We note here, contrary to able counsel's contention, that in view of the state of record before this court no conclusion can be reached other than the breach sued upon did occur in September of 1974.
As previously stated, the issue then is whether 15 U.S.C. § 1640(e) precludes Hewlett's assertion of his counterclaim against the credit union. That section provides:
"Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."
Assuming arguendo that the credit union's action constituted a violation of the "Truth in Lending Act," the time of the violation is deemed to occur at the moment the loan transaction was consummated, Wachtel v. West, 344 F.Supp. 680 (E.D. Tenn.1972), aff'd, 476 F.2d 1062 (6th Cir. 1973), cert. den., 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114 (1973), i. e., on May 9, 1973. Hence, Hewlett's counterclaim was filed more than one year after the occurrence of the violation and, by the express terms of 15 U.S.C. § 1640(e), appears to be untimely.
Hewlett, however, contends that his counterclaim is saved from § 1640(e) by ARCP 13(c), the pertinent portion of which provides:
"All counterclaims other than those maturing or acquired after pleading shall relate back to the time the original plaintiff's claim arose."
We note that other jurisdictions have reached opposite conclusions regarding the appropriate resolution of this issue. See Wood Acceptance Co. v. King, 18 Ill.App.3d 149, 309 N.E.2d 403; First National City Bank v. Drake, CCH Consumer Credit Guide (1969-73 Transfer Binder), Consumer Credit 98,939 at 88,652 (N.Y.Civ.Ct.1973); Collectors, Inc. v. The Atrisco Association, 4 CCH Consumer Credit Guide, Consumer Credit 98,779 at 88,410 (N.Mex.Dist.Ct. 1974), holding that a Truth in Lending counterclaim, although asserted more than one year subsequent to the alleged Truth in Lending violation, is not barred. See Gillis v. Fisher Hardware Company, Fla.App., 289 So.2d 451 (1974), and Hodges v. Community Loan and Investment Corp., 133 Ga.App. 336, 210 S.E.2d 826 (1974), holding, contra.
The variance in these decisions is attributed primarily to different state statutes concerning limitations of actions.
The provision of ARCP 13(c) relating to limitations of actions has been set forth, supra. The Committee comments to that section of the rule indicate it was "drawn so to harmonize with Tit. 7, § 355, Code of Alabama." The latter reads as follows:
"When the defendant pleads a set-off to the plaintiff's demand, to which the plaintiff replies the statute of limitations, the defendant is nevertheless entitled to his set-off, where it was a legal subsisting claim at the time the right of action accrued to the plaintiff on the claim in suit."
While the language of 13(c) differs somewhat from that of Tit. 7, § 355, their meaning was intended to be the same in that a setoff or counterclaim was to relate back to the inception of the original plaintiff's claim. Lyons, Jr., 1 Alabama Practice Rules of Civil Procedure Annotated 251 (1973). Here, the credit union's claim accrued in September 1974, more than one year after the transaction was consummated.
At that time, Hewlett had no "legal subsisting claim." As stated by the court in *508 Washington v. Timberlake, 74 Ala. 259, 264, in construing the predecessor of Tit. 7, § 355, Code of Alabama:
"We hold, however, that the word `subsisting,' as employed in the statute we are construing, has a more confined meaning, and that the precise object the legislature had in view was, that demands held by defendants when the adversary plaintiff's right of action accrued, if then free from the infirmity of age, should not afterwards lose their availability as a defense, by mere lapse of time. . . If, however, the cross demand was barred when the plaintiff's cause of action accrued, it was not a subsisting demand within the meaning of this statute. . ." [Emphasis supplied.]
Hewlett seeks to avoid the detrimental effect of the preceding language by advancing the following argument: His Truth in Lending counterclaim is not a setoff, but rather is in the nature of recoupment and therefore is not barred by the statute of limitations.
While this principle finds recognition in Alabama law, it has no applicability to the instant case. To constitute a defense of recoupment the defendant's claim must arise from damages resulting from a breach of the duties or provisions of the contract on which the plaintiff's suit is founded. Carolina-Portland Cement Co. v. Alabama Construction Co., 162 Ala. 380, 50 So. 332; Ewing and Gaines v. Shaw and Co., 83 Ala. 333, 3 So. 692; T. L. Farrow Mercantile Co. v. Riggins, 14 Ala.App. 529, 71 So. 963. Here, the credit union fully performed the conditions of the contract. Hewlett can claim no damages arising either from the transaction itself or from noncompliance with the provisions contained in the contract. We are in agreement with Court of Appeals of Georgia in Hodges, supra, wherein it was stated in an identical factual situation:
"The Truth-In-Lending counterclaim sub judice did not arise out of the mutual obligations or covenants of the loan transaction upon which this suit was founded but is independent thereof. Although the claim arose contemporaneously with the execution of the contract, it is not a product of a breach of any obligation or covenant therein; nor is it related either to the subject matter of the contract or the plaintiff's suit. On the contrary, the borrowers' claim for recovery of a penalty created by federal law is an extrinsic by-product of this transaction and is not dependent upon the lender's contractual obligations. It has no relationship to an infringement of the mutual obligations and stipulations of the transaction. In short, it is not a defense which goes to the justice of the lender's claim but an affirmative action which demands a penalty for an independent wrong. Accordingly, borrowers' counterclaim is in the nature of set-off, not recoupment.. . ." (210 S.E.2d at 832)
Thus, we hold that Hewlett's claim is in set-off and, having been filed more than one year subsequent to the occurrence of the alleged violation, was not "legally subsisting" at the time the credit union's claim arose.
It follows that the trial court did not err in refusing to award judgment on Hewlett's counterclaim.
In view of the above, it is not necessary to discuss the other issues raised by Hewlett.
The case is due to be and is, accordingly, affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

ON REHEARING
HOLMES, Judge.
On motion for rehearing, Mr. Hewlett argues that this court erred in its determination that the date of the breach upon which the credit union's original claim arose was September 5, 1974. He states the record reflects that the breach occurred May 31, 1973. Therefore, he contends his counterclaim is not barred by the one year statute *509 of limitations but rather relates back to May 31, 1973, pursuant to ARCP 13(c). We find this contention without merit.
As previously stated, the record of the entire proceedings below are not before this court. The record that is before us indicates that September 5, 1974, was the date of the alleged breach upon which the credit union based its complaint. Nothing in the record indicates this date was contested below. Moreover, the trial court's dismissal of Mr. Hewlett's counterclaim affirmatively establishes that the lower court construed September 5 as the date of the breach. The motion for rehearing is denied.
OPINION EXTENDED. APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P. J., and BRADLEY, J., concur.