The plaintiff sued the defendant in detinue. The defendant counterclaimed on the basis that plaintiff had committed certain violations of the Federal Truth in Lending Act.
The learned trial judge found the defendant's counterclaim to be barred by the statute of limitations. 15 U.S.C. § 1640 (e). The dispositive issue on this appeal is whether the trial judge was correct in the above determination. We find that he was not and reverse and remand.
The facts are virtually without dispute and pertinently are as follows:
On January 19, 1976, the defendant purchased an automobile from a dealership. The transaction was financed by the plaintiff. In August of 1976, the defendant defaulted on the monthly payments. On February 22, 1977, the plaintiff filed the above-mentioned detinue action. On May 23, 1977, the defendant filed its counterclaim.
While able counsel for plaintiff who has favored this court with an excellent brief argues otherwise, we find that this court, in Hewlett v. John Blue Employees Federal Credit Union, Ala.Civ.App., 344 So.2d 505 (1976), cert. denied, Ala.,344 So.2d 509 (1977), has held that the defendant's claim is not barred by the statute of limitations.
This court, in Hewlett, supra, found that a Truth in Lending counterclaim is allowed if the plaintiff's cause of action arose within one year of the alleged Truth in Lending violation by the plaintiff. Put another way, defendant's counterclaim is not barred by the statute of limitations if the breach by defendant giving rise to plaintiff's claim occurred within one year of the violation of the Act by plaintiff.
The "Truth in Lending Act," 15 U.S.C. § 1640 (e), provides that:
 "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."
Assuming arguendo that plaintiff's action constituted a violation of the "Truth in Lending Act," the time of the violation is deemed to occur at the moment the loan transaction was consummated, i.e., January 19, 1976. See Hewlett v. JohnBlue Employees Federal Credit Union, supra.
As noted above, defendant's counterclaim was filed May 23, 1977. This was filed more than one year after the alleged occurrence of the violation and by the terms of 15 U.S.C. § 1640
(e), appears to be untimely.
However, ARCP 13 (c) states, in pertinent part, that:
 "All counterclaims other than those maturing or acquired after pleading shall relate back to the time the original plaintiff's claim arose."
Rule 13 (c) contains express consideration of relation back of counterclaims. The Committee Comments to that section of the rule reflect that it was "drawn so as to harmonize with Tit. 7, § 355, Code of Ala. 1940. This corresponds to § 6-8-84, Code of Ala. 1975, which reads as follows:
 "When the defendant pleads a counterclaim to the plaintiff's demand, to which the plaintiff replies the statute of limitations, the defendant is nevertheless entitled to his counterclaim, where it was a legal subsisting claim at the time the right of action accrued to the plaintiff on the claim in the action."
It is clear to this court, by virtue of the above, that a setoff or counterclaim is to relate back to the inception of the original plaintiff's claim. See 1 Lyons, Alabama Practice,Rules of Civil Procedure Annotated 250-51 (1973); Committee Comments, Rule 13, ARCP. *Page 470 
In the instant case, plaintiff's claim occurred in August, 1976, the date defendant defaulted on the loan. At that time, defendant had a "legal subsisting claim" due to the alleged violation by plaintiff occurring on January 19, 1976, the date of the sale.
Therefore, by virtue of Rule 13 (c), ARCP, defendant's counterclaim relates back to the time plaintiff's claim arose in August, 1976. Due to the above, defendant's counterclaim is not barred by the statute of limitations since the action is deemed to be brought "within one year from the date of the occurrence of the violation."
To summarize, a Truth in Lending violation must be brought within one year of the occurrence of the violation. However, Rule 13 (c), ARCP, allows a relation back to the time plaintiff's claim arose. As noted earlier, the alleged Truth in Lending violation occurred in January, 1976, and the plaintiff's claim arose in August, 1976. Thus, we hold that defendant's counterclaim, although filed in May, 1977, relates back to August, 1976, since it was a "legal subsisting claim" at the time plaintiff's claim arose.
It follows that the learned trial court erred in holding defendant's counterclaim was barred by the statute of limitations.
We would note that both parties have, in excellent briefs, addressed themselves to additional issues that are not discussed above. We would further note that the trial court, in its order of judgment, specifically found that the statute of limitations did apply and that other issues raised were therefore "moot", hence, making no determination of these issues. While it might well be expeditious in the long "run" for this court to decide these issues, to do so would not be appropriate. See Burch v. Southeastern Sand Gravel Co.,278 Ala. 504, 179 So.2d 83 (1965).
The case is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.