This is an appeal from a summary judgment holding that a counterclaim was barred by the statute of limitations contained in § 6-5-482 Code of Alabama 1975. We reverse.
Sharon Cooper filed a medical malpractice suit against Dr. John Reaves. This suit was voluntarily dismissed by Cooper, November 29, 1977. On February 17, 1978, Dr. Reaves filed suit against Cooper alleging malicious prosecution, and claiming money due him by her on open account. In response to the Reaves suit, Cooper filed a counterclaim alleging Reaves "breached a contract" to examine and treat her in a reasonable and proper manner, thereby causing her injury and expense. Reaves contends the counterclaim is barred by the statute of limitations. We disagree. *Page 671 
While counterclaims in the nature of a set-off may be barred by the applicable statute of limitations, counterclaims in the nature of recoupment are not. This rule prevailed under our former system of pleading, and has not been changed by the adoption of the Rules of Civil Procedure, where recoupment is treated as a compulsory counterclaim under Rule 13 (a).Campbell v. Regal Typewriter Co., Inc., 341 So.2d 120 (Ala. 1976). To constitute recoupment, and thereby escape the bar of the statute of limitations, a counterclaim must arise out of the same transaction as the plaintiff's claim. Set-off, on the other hand, need not arise out of the same transaction or contract. Scroggins v. Alabama Gas Corporation, 275 Ala. 650,158 So.2d 90 (1963). Here Cooper's counterclaim for "breach of contract" clearly arises out of the same transaction as Reaves' claim on open account, since the contract allegedly breached by Reaves is the same contract which Reaves claims Cooper has not paid. Consequently, the counterclaim was not barred by the statute of limitations.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.