This appeal presents this court with two dispositive issues: (1) whether defendant's counterclaim under the Federal Truth in Lending Act is in the nature of a setoff and was properly dismissed as barred by the one year statute of limitations of15 U.S.C. § 1640 (e); and (2) whether the plaintiff's suit should have been dismissed because the loan contract upon which the action was premised failed to meet the disclosure requirements of § 5-18-16 (a)(1) of Alabama's Small Loan Act. We hold that the trial court properly determined that defendant's counterclaim was time barred but that it erred in failing to dismiss plaintiff's complaint for a violation of §5-18-16.
The plaintiff, Beneficial Finance Company, sued defendant Darrow on a note of indebtedness. The defendant filed a motion to dismiss on the grounds that plaintiff had violated the disclosure requirements of the Alabama Small Loan Act, Code of Ala. 1975, §§ 5-18-1 et seq. Defendant also filed a counterclaim alleging violations of the disclosure requirements of the Federal Truth in Lending Act (hereinafter TILA),15 U.S.C. § 1601 et seq. (1974). From a judgment for the plaintiff in circuit court on both the motion to dismiss and the counterclaim, the defendant appeals.
The facts in this case are not in dispute. The plaintiff and defendant entered into a loan contract in the amount of $300 on June 6, 1972. The debt was secured by the defendant's furniture and automobile. At the time of the transaction, the plaintiff gave the defendant a number of documents which include a copy of the loan contract and a security agreement.
The defendant defaulted on the loan in November 1973, and plaintiff successfully brought suit in district court. The defendant appealed to the circuit court and thence here. *Page 1003 
The plaintiff is a licensee under Alabama's Small Loan Act. Because the amount of the loan was $300, the transaction comes within the provisions of Alabama's Small Loan Act.
The defendant contends that the trial court improperly dismissed his counterclaim against the plaintiff as time barred. The defendant argues this is so because a TILA counterclaim is in the nature of a recoupment rather than a setoff and thus is not subject to the statute of limitations which applies to setoffs under Code of Ala. 1975, § 6-8-84.
This court is not unfamiliar with the issue. In Hewlett v.John Blue Employees Federal Credit Union, Ala.Civ.App.,344 So.2d 505 (1976), cert. denied, Ex parte Hewlett, Ala.,344 So.2d 509 (1977), we held that counterclaims based on disclosure violations of the Federal TILA are in the nature of setoffs and not recoupments. Therefore, the "relation back" doctrine of ARCP 13 (c) will not save defendant's counterclaim from the applicable statute of limitations unless it is a legally subsisting claim at the time the plaintiff's cause of action arises. Hewlett at 507; Code of Ala. 1975, § 6-8-84. The statute of limitations applicable to the instant case is one year from the date of the violation, 15 U.S.C. § 1640 (e), which is held to occur, if at all, when the loan contract is consummated. Wachtel v. West, 476 F.2d 1062 (6th Cir.), cert.denied, 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114 (1973).
In the instant case, any violation by plaintiff of the disclosure requirements of the TILA occurred on the day the loan contract was signed, June 6, 1972. The plaintiff's cause of action for breach of that contract did not arise until defendant's default more than seventeen months later, i.e., November, 1973. At this later date, the defendant no longer had a legally subsisting claim based on violations of the disclosure provisions of the TILA. Defendant's counterclaim is therefore barred by the one year limitation period of 15 U.S.C. § 1640
(e). Compare Hagler v. Ford Motor Credit Corp., Ala.Civ.App., 367 So.2d 468 (1978), cert. denied, 367 So.2d 470
(1979).
The defendant however argues that we should reverse Hewlett
contending, inter alia, that the recent decision of our supreme court in Campbell v. Regal Typewriter Co., Inc., Ala.,341 So.2d 120 (1976), substantially changes the law of Alabama regarding setoff and recoupment. Defendant additionally maintains that federal law in this area is controlling and contrary to Hewlett. We disagree.
The defendant contends that because a TILA counterclaim is a federally created cause of action, federal law controls. He cites this court to several recent federal district court cases which hold that because a TILA counterclaim arises out of the same transaction or occurrence as the creditor's claim, it is considered a compulsory counterclaim, i.e., a recoupment.
While this court gives due regard to these cases as persuasive authority, they are not controlling. As a general rule, the determination of whether a counterclaim is a setoff or a recoupment relates to the remedy and not the right of action. 80 C.J.S. Set-Off Counterclaim § 13b (1953). It is well settled that in matters of procedure and remedy, the law of the forum governs. Connell v. United States Steel Corp.,516 F.2d 401 (5th Cir. 1975); Macey v. Crum, 249 Ala. 249,30 So.2d 666 (1947). Therefore, the characterization of defendant's counterclaim as a setoff is a matter governed solely by Alabama law.
Regarding the Alabama law of setoff and recoupment, Campbell
did not, contrary to defendant's assertion, make any substantial changes. See also Cooper v. Reaves, Ala.,365 So.2d 670 (1979). In fact, Campbell and Reaves expressly state that the traditional law in this area was not changed by the adoption of the Alabama Rules of Civil Procedure. The doctrine in ARCP 13 (c), that all counterclaims relate back to the time the plaintiff's cause of action arose, must be read in harmony with the requirement of Alabama Code 1975, § 6-8-84. Section6-8-84 provides, however, that a setoff must be a legally subsisting claim at *Page 1004 
the time the plaintiff's cause of action arose. ARCP 13 (c), Committee Comments. Under our traditional definition, the defendant's TILA counterclaim is a setoff because it arises not from the mutual rights and obligations of the parties to the contract but as a penalty for a violation of federal law.Hewlett, supra. See also Spartan Grain Mill Co. v. Ayers,581 F.2d 419 (5th Cir. 1978).
Because the defendant's counterclaim is barred in this instance by the one year statute of limitations, we find no error with respect to this part of the trial court's order.
Defendant additionally contends that the trial court improperly denied his motion to dismiss plaintiff's suit. Specifically, defendant maintains that the plaintiff violated the disclosure provisions of § 5-18-16 (a) of Alabama's Small Loan Act which require the lender, among other things, to identify the collateral for the loan in clear and distinct terms. Because § 5-18-21 provides that an action on a small loan is to be dismissed at the cost of the plaintiff if any of the provisions of the Act have been violated, the defendant argues that the trial court erred in failing to dismiss plaintiff's complaint.
The disclosure provisions of the Small Loan Act are set forth in § 5-18-16 which provides in pertinent part:
(a) . . . Every licensee shall:
 (1) At the time a loan is made deliver to the borrower . . . a copy of the loan contract or a written statement in the English language showing in clear and distinct terms:
. . . . .
h. The collateral or security for the loan.
At the outset we observe that there are no cases interpreting the above quoted provision; however, this court will not allow the purposes of the Act to be eroded by indirection. NewFinance, Ltd. v. Ellis, 284 Ala. 374, 225 So.2d 784 (1969). It is incumbent upon this court to interpret the statute according to its plain meaning, giving it a construction which subserves the legislature's intent. Adams v. Mathis, Ala., 350 So.2d 381
(1977). See also New Finance, supra. In this instance we are guided by the legislative findings of fact and declaration of intent set forth in § 5-18-2 where it is provided that one of the purposes of the Act is "to eliminate practices that facilitate abuse of borrowers."
Section 5-18-16 imposes an express requirement upon a lender at the time of the transaction to furnish the borrower a document disclosing the information enumerated in the statute. The document which the creditor furnishes the debtor may be either a copy of the loan contract or a written statement. Either of these documents must be written "in the English language" and "show in clear and distinct terms" the collateral for the loan.
In the instant transaction, the plaintiff, at the time of the loan, furnished the defendant a number of documents, two of which are pertinent to a violation of § 5-18-16. The defendant was given both a copy of the loan contract and a security agreement. On each of these printed form documents there are two boxes provided which can be checked to indicate the collateral for the loan; one labeled "furniture," the other labeled "auto." On both documents only the box labeled "furniture" is checked. However, at the bottom of the security agreement document, the defendant's automobile is listed in addition to furniture. It is the plaintiff's contention that the security agreement identifies the collateral for the loan in clear and distinct terms. We disagree.
While there is no question that the security agreement in and of itself can be considered to be a written statement in the English language which shows the full extent of the collateral which secures the debt, the copy of the loan contract clearly does not fully disclose the security interest inasmuch as there is no clear and distinct identification on that document of the fact that the debtor's automobile as well as his furniture secures the loan. Thus, to this court it is readily apparent that where, as *Page 1005 
here, two or more documents purport to identify the collateral for a small loan, and one of the documents secures to the creditor additional collateral than that to which he is secured under another document, there is not a clear and distinct
identification of the collateral which secures the loan as required by § 5-18-16. Put another way, where one document specifies that "X" is collateral and another document provides that "Y" in addition to "X" is the security for the note, there has not been a clear and distinct identification of the debtor's property which secures the transaction.
To further substantiate what we have said, we observe that our Small Loan Act is a remedial statute. Echols v. Star LoanCo., 290 Ala. 76, 274 So.2d 51 (1973). Inasmuch as the protection of the Act afforded the makers of small loans is only viable where the disclosure of crucial information is made in clear and distinct terms, any other disclosure is misleading and does not comport with the stated purpose of the Act, i.e., to eliminate practices that facilitate the abuse of borrowers.
Because § 5-18-21 specifies that any violation of the Act requires the dismissal of the creditor's suit, the trial court erred to reversal by improperly denying defendant's motion to dismiss plaintiff's complaint.
For reasons stated above, the judgment of the circuit court is affirmed regarding the defendant's TILA counterclaim, but is reversed with respect to the defendant's motion to dismiss under the Alabama Small Loan Act. This case is therefore remanded with directions to enter a judgment not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
WRIGHT, P.J., and BRADLEY, J., concur.