This is an appeal from an order granting a 12 (b)(6) motion and a 12 (c) motion. We reverse and remand.
On January 29, 1979, Mary Braggs purchased a used car from Jim Skinner Ford and entered into an installment contract with Skinner Ford for its payment. Skinner Ford assigned the contract to Ford Motor Credit Company. The total amount financed was $4,103.78, payable in 48 monthly installments at an annual percentage rate of 14.28%. Included in the total amount financed was an $81.20 processing fee. The total finance charge was $1,317.82.
On January 29, 1980, Braggs filed a complaint against Skinner Ford and FMCC alleging violations of the Truth in Lending Act and the Alabama Mini-Code, Act 2052, Acts of Alabama 1971, Vol. IV, p. 3290. Specifically, she asserted that the $81.20 processing fee was improperly included within the total amount financed, and that it should have been denominated as part of the total finance charge according to Regulation Z of the Truth in Lending Act. 15 U.S.C. § 1631 et seq.; 12 C.F.R. § 226.4,226.5, 226.6 (a) and 226.8 (c). Including the $81.20 processing fee in the total amount of the finance charge, as urged by Braggs, results in the finance charge exceeding the amount authorized by the Alabama Mini-Code.
Skinner Ford filed a preanswer Rule 12 (b)(6) motion to dismiss, and FMCC filed a postanswer motion to dismiss it from the Truth in Lending Act claim, or in the alternative for a judgment on the pleadings, contending that the processing fee was a fee exacted by the dealer only, and that as the dealer's assignee, it was not liable for any alleged violation for nondisclosure of that charge. FMCC and Skinner Ford also asserted that Braggs's Truth in Lending Act claim was untimely and barred because she filed her complaint on the one year anniversary date of the occurrence of the violation, allegedly exceeding the requirement of 15 U.S.C. § 1640 (e), that a Truth in Lending Act violation must be brought within one year from the date of the occurrence of the violation. For purposes of TILA claims, appellees argued that the date of the violation must be included when computing timely filing, and that filing on the one year anniversary date of the occurrence is tardy because the one year requirement cannot be extended by procedural rules.
The Circuit Court of Jefferson County, without an opinion, dismissed Jim Skinner Ford, Inc., and entered judgment on the pleadings in favor of Ford Motor Credit Company. Braggs appeals from the order dismissing Skinner Ford and from the final judgment in favor of FMCC.
 I JIM SKINNER FORD, INC.
Skinner Ford's preanswer motion to dismiss alleged, interalia:
 1. The complaint fails to state a claim upon which relief can be granted.
 2. The complaint shows upon its face that it was not filed in accordance with the applicable statute of limitations.
Skinner Ford argues, in brief, that Braggs failed to state a claim under the Alabama Mini-Code because she did not aver that the $81.20 processing fee was a direct or an indirect charge made as an incident to the extension of credit, inasmuch as Code 1975, § 5-19-1 (1) states that the term "finance charge" "shall include all charges payable directly or indirectly by the debtor and imposed directly or indirectly by the creditoras an incident to the extension of credit. . . ." (emphasis ours).
Braggs contends, however, that what the processing fee actually represents is at best a question of fact, making the lower court's dismissal erroneous because the complaint contains contested factual issues. She urges that if the processing fee is in fact *Page 1058 
charged as an incident to the extension of credit, then it should have been incorporated within the total amount of the finance charge assessed by Skinner Ford, resulting in its inclusion creating a finance charge exceeding that required by law under the Mini-Code.
Braggs alleged in her complaint that the processing fee charged by Skinner Ford as part of the amount financed violated the disclosure requirements of the Truth in Lending Act and Regulation Z, delineating specific sections. She averred:
 Pursuant to such contracts said defendants disclosed and charged plaintiff and the members of the class she represents a "processing" fee as part of the amount financed through such contracts; said defendants violated the disclosure requirements of the Truth-In-Lending Act and Regulation Z (which was promulgated by the Board of Governors of the Federal Reserve System in accordance with the Truth-In-Lending Act [15 USCA, Section 1604]). Specifically, said defendants violated requirements of 15 USCA 1631, et seq. (Truth-In-Lending Act) and Sections 226.4, 226.5, 226.6 (a), and 226.8 (c) of Regulation Z.
In sum, these sections require that any fees falling within the statutory definition of "finance charge" must be disclosed adequately and must not exceed the annual percentage rate provided by law. She made similar allegations in support of violations of the Alabama Mini-Code:
 Processing fees of the type charged by said defendants are required to be included as part of the maximum finance charged said defendants, pursuant to the provisions of the Mini-Code (Ala. Code, Section 5-19-1), could charge plaintiff and the members of the class she represents. Said defendants did not openly include such processing fees as part of the finance charges charged plaintiff and the members of the class she represents, however, the inclusion of such processing fees as part of the finance charges charged plaintiff and the members of the class she represents by said defendants reveals that said defendants charged plaintiff and the members of the class she represents a finance charge in excess of the amount authorized by the Mini-Code (Alabama Code, Section 5-19-3). Said defendants made such excess finance charges in deliberate violation or in reckless disregard of the requirements of the Mini-Code.
She requested damages, costs plus interest, attorney's fees and a permanent injunction against further violations.
"A motion to dismiss for failure to state a claim under Rule 12 (b)(6), ARCP, should seldom be granted and is properly granted only when it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief." Winn-DixieMontgomery, Inc. v. Henderson, 371 So.2d 899, 901 (Ala. 1979). Here, it does not appear beyond doubt that Braggs could not prove any set of facts entitling her to relief.
Next, the standard for granting a motion to dismiss based upon the expiration of the statute of limitations is whether the existence of the affirmative defense appears clearly on the face of the pleading. Sims v. Lewis, 374 So.2d 298 (Ala. 1979);Browning v. City of Gadsden, 359 So.2d 361 (Ala. 1978); Wright Miller, Federal Practice and Procedure, Civil 1357, at 605 (1969).
Looking at the face of the complaint, it is obvious that the statute of limitations had not expired to bar the action. Because Mary Braggs's complaint alleges some facts, albeit a generalized statement of facts, which, if proven, would support her claim for relief, and because the expiration of the statute of limitations does not appear clearly on the face of the pleading, the court erroneously granted Jim Skinner Ford, Inc.'s motion to dismiss; we reverse and remand as to this appellee.
 II FORD MOTOR CREDIT COMPANY
The judgment on the pleadings rendered in favor of FMCC requires a different scope of analysis inasmuch as the content of *Page 1059 
all the pleadings, including the answer, must be considered to determine whether there is a justiciable factual dispute. Rule 12 (c), ARCP; Sims v. Lewis, supra, Jones v. Alabama Power Co.,362 So.2d 235 (Ala. 1978); McCullough v. Alabama By-ProductsCorp., 343 So.2d 508 (Ala. 1977).
In this case, the pleadings consist of Braggs's complaint and FMCC's answer asserting eight defenses, including the affirmative defense that the statute of limitations barred the action. FMCC's motion to dismiss the Truth in Lending Act claim, or in the alternative for a judgment on the pleadings, was based upon two grounds: (1) the processing fee was a documentary fee not within the purview of its — the assignee's — duty to disclose under § 226.6 of Regulation Z; (2) the statute of limitations barred the action according to Sixth Circuit authority that the date of the alleged violation is to be included when computing whether the complaint was filed within one year.
The lower court granted FMCC a judgment on the pleadings, presumably taking into consideration all of the pleadings rather than considering just the complaint pursuant to a motion to dismiss. See e.g., Jones v. Alabama Power Co., supra.
Procedurally, then, we treat this part of the case as a judgment on the pleadings, and on review we will peruse the pleadings in search of disputed facts.
First, we find that the $81.20 processing fee presents a disputed factual controversy. Braggs alleged, in her complaint, that the fee constituted part of the amount of the finance charge and was improperly denominated as part of the amount financed; thus, the actual finance charge assessed exceeded the amount permitted by law to be charged. In its answer and motion, FMCC alleged that the processing fee was not within the purview of its relationship with the customer, and thus, it could not, by law, be held liable for any TILA violation based upon that item.
 A documentary fee has been defined as: a fee retained entirely by the dealer, which is intended to cover expenses incurred by the dealer in upkeep of the car prior to sale as well as fees for notarizing the various documents prepared in each transaction. . . .
Meyers v. Clearview Dodge Sales, Inc., 539 F.2d 511, 519 n. 18 (5th Cir. 1976); F.R.B. Letter No. 623 by G. Garwood, August 9, 1972, CCH CCG ¶ 30,872. In Childs v. Ford Motor Credit Company,470 F. Supp. 708 (D.C. 1979), a case appended to FMCC's motion, Judge Lynne granted Ford Motor Credit Company's motion for summary judgment finding that the undisclosed breakdown in the sales contract of the documents preparation charge, and the license, transfer, title and registration fees included in the cash price, were not fees within the purview of Ford's relationship with the customer, as the creditor and not as the seller.
FMCC relies upon this case for its contention that theprocessing fee is a documentary fee, and that it is not a fee within the scope of its relationship with Braggs. However, inChilds, the fees were broken down and disclosed by the seller on the purchase order although not disclosed in the final sales contract, distinguishable from this case where there is no clarification in any of Braggs's purchase documents informing her as to what the processing fee represents. Without this factual resolution, either by the documents themselves or through discovery, we cannot categorically hold that this processing fee was one exacted solely by the dealer as a documentary fee. Moreover, the result in Childs should not be relied upon because a careful reading of that case reveals factual distinctions as well as a detailed legal analysis of12 C.F.R. § 226.6 (d), Regulation Z.
In any event, based upon the face of the pleadings alone and these diametrically opposed suppositions as to what these fees represent, there are obviously disputed facts at issue and the judgment cannot be affirmed. There was no discovery conducted in this case; no exhibits are appended, and we are not apprised by the pleadings as to why the processing fee was exacted and for whose or what costs it defrays. We hold that the nature and extent of the *Page 1060 
processing fee is a disputed fact, and that based upon the pleadings alone, the lower court was in error.
The jurisdictional statute for TILA claims states that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640 (e). Appellees assert that the TILA claim was untimely filed, contending that § 1640 (e) provides not only the jurisdictional time period, but also implicitly provides its own method for computing the time period without employing the procedural rules pertinent to the computation of time. They rely upon Rust v. Quality Car Corral,Inc., 614 F.2d 1118 (6th Cir. 1980), stating that "jurisdiction is defined and circumscribed by the Act itself, in a temporal as well as a substantive sense," and that procedural rules will govern only when the action is properly before the court, but that they should not be consulted to determine whether the action was timely filed. Rust held that "[t]he phrase `within one year from the date of occurrence' is straightforward. Nothing in that language supports judicial implication of a lapse in time between the `occurrence' and the date the statute of limitations begins to run." Accordingly, it was decided that the date of the violation is to be included when computing the one year period within which a TILA claim must be filed, and filing on the one year anniversary date is too late.
Braggs, on the other hand, contends that § 1640 (e) sets the statute of limitations period, but that the statutory scheme in itself does not provide a guide for computing the time period. Therefore, procedural rules, referring to the computation of time must be consulted. She relies upon Rule 6 (a), ARCP, andLawson v. Conyers Chrysler, Plymouth, Etc., 600 F.2d 465 (5th Cir. 1979), for her contention that the date of the violation is to be excluded when computing the timely filing of TILA claims, and that filing on the one year anniversary date is timely inasmuch as the statute of limitations does not begin to run until the day after the occurrence.
It is not contested that the date of the TILA violation occurred, if at all, on the date the contract was consummated.Darrow v. Beneficial Finance Co., 370 So.2d 1001 (Ala.Civ.App. 1979); Hagler v. Ford Motor Credit Co., 367 So.2d 468
(Ala.Civ.App. 1978); Hewlett v. John Blue Employees Federal CreditUnion, 344 So.2d 505 (Ala.Civ.App. 1976). The contract as between Braggs and Skinner Ford was consummated on January 29, 1979, and both parties use that date as the date of the occurrence of the alleged violation. The issue, then, is whether we accept appellees' position to include January 29th when computing the within one year period, making the one year anniversary date beyond the deadline, or, whether we follow Braggs's argument to exclude January 29th, resulting in the anniversary date falling within the statutory time limit. We hold, in accordance with the great weight of authority, that the federal statute does not provide its own guide for computing timeliness — the procedural rules must be used for computation purposes — and as such, the date of the TILA violation is not to be included when figuring whether the complaint was filed within one year. We find that Mary Braggs's claim is not time barred.
From a patent reading of the federal statute, we do not find any language indicating how the one year time period is to be computed. We are unpersuaded by the attempt in Rust to discard the use of procedural rules to determine from what date the statute of limitations shall begin to run. We follow, instead, the holding in Lawson, that the procedural rules must be employed to determine from what focal point the one year time period is to be computed. In Lawson, the court stated:
 While there is some disagreement over whether the method of computing time prescribed in Rule 6 should be used for computing time periods contained in federal statutes of limitations, most courts have followed Rule 6's computation method. C. Wright A. Miller, Fed. Practice Procedure § 1163. This court has consistently *Page 1061 
used Rule 6 (a)'s method for computing federal statutory time limitations. J. Aron Co., Inc. v. S/S Olga Jacob, 527 F.2d 416, 417 (CA 5, 1976); Wilkes v. U.S., 192 F.2d 128, 129 (CA 5, 1951); Rimmer v. U.S., 172 F.2d 954, 958-59 (CA 5, 1949). Although none of our cases deals with the time limitations in the Truth in Lending Act we see no reason to depart from the general rule in this case. Indeed, Rule 6 (a) is particularly appropriate in light of the remedial purpose of the Act, see Mourning v. Family Publications Service, 411 U.S. 356, 363-65, 93 S.Ct. 1652, 1657-1659, 36 L.Ed.2d 318, 326-27 (1973). (footnote omitted)
Construing the language of Rule 6 (a), Lawson held that the date of the transaction is to be excluded when computing the within one year time frame specified in § 1640 (e) of the Truth in Lending Act.
Alabama has two compatible codifications referencing the computation of time. Code 1975, § 1-1-4 provides in pertinent part: "Time within which any act is provided by law to be done must be computed by excluding the first day and including the last." In align with this section, Rule 6 (a), ARCP, statesinter alia:
 In computing any period of time prescribed or allowed by these rules, by the local rules of any circuit court, by order of court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included.
We find that the wording of these authorities unambiguously concludes that the date of the occurrence of the violation, i. e., the act, event or default, shall be excluded when figuring whether the statute of limitations has expired. Therefore, Mary Braggs timely filed her TILA claim on January 29, 1980 — the one year anniversary date of the alleged violation.
Based upon the foregoing analysis, the order dismissing Jim Skinner Ford, Inc., and the judgment on the pleadings rendered in favor of Ford Motor Credit Company are reversed and the cause remanded for further proceedings not inconsistent with this opinion. All other issues raised in the briefs are pretermitted for review.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY, and ADAMS, JJ., concur.