FAULKNER, Justice.
On May 3, 1973, Willie D. Fletcher borrowed $1,458.87 from Public Finance Company with interest at 19.71%, payable in 36 monthly installments of $54.00. The first payment was due on June 3. The finance charge computed by Public Finance was $485.13. A portion of the note contained this language:
“DESCRIPTION AND IDENTIFICATION OF SECURITY INTEREST: This loan and any extension or renewal thereof or future advance is secured by a security agreement dated 5-3-73 on the following described property: Consumer Goods including but not limited to household goods, furniture, appliances and personal property, of all kinds, additions, replacements and accessories thereto which are hereafter acquired by borrowers.”
Fletcher made intermittent payments on the loan from June 3,1973 to June 30,1974. As a matter of fact, only $300.00 was repaid by him, and some of those payments were late, and for an amount less than $54.00.
On October 29, 1974, Public Finance, under the optional acceleration clause of the note, declared the entire unpaid amount due, and brought suit against Fletcher for $1,657.50. Public Finance alleged in its complaint that the default occurred on July 31,1974, Public Finance’s default judgment, taken on December 17, 1974, was set aside on April 15, 1976, because of insufficient service of process.
After proper service, Fletcher filed an answer of general denial, and later amended specifically to deny the default occurred on July 31, 1974. Next, he filed a counterclaim against Public Finance, alleging that it violated the Truth-In-Lending Act, 15 U.S.C. 1640. Public Finance moved to dismiss the counterclaim on the ground that the one-year statute of limitations under the Truth-In-Lending Act (TILA), 15 U.S.C. 1640(e) had expired.[1]
The district court entered judgment for Public Finance for $2,249.22 and denied the counterclaim. Fletcher appealed, asking for a de novo trial in the circuit court.
Public Finance filed an answer to Fletcher’s counterclaim, admitting the allegations contained in it, but asserted the statute of limitations as a defense. The circuit court found that Public Finance had, indeed, violated the TILA, but denied recovery on the ground that the statute of limitations had expired. Fletcher appealed that judgment to the Court of Civil Appeals, 429 So.2d 1039.
On appeal to the Court of Civil Appeals, Fletcher contended that Public Finance’s cause of action for his default arose prior to June 3,1974. Thus, he argued, his counterclaim for violating the TILA related back to the first instance of default, under Rule 13(c), ARCP, and § 6-8-84, Code 1975. The Court disagreed with him by holding that his cause of action derived from 15 U.S.C. 1640(e) expired one year after the execution of the note — May 3, 1974; that his cause of action did not accrue until Public Finance accelerated the note, and that was more than one year after the execution of the note, and therefore, his counterclaim did not relate back.
We disagree with the decision of the Court of Civil Appeals and reverse.
This is the typical case for a money lender to assert the statute of limitations in a Truth-In-Lending Act violation. The lender and the borrower enter into a loan trans *1043 action. Proper TILA disclosures are not made. Being unknowledgeable of TILA and Regulation Z, the borrower does nothing about his potential claim. He defaults. The lender, being aware of the limitations provision of TILA, waits until more than a year after the execution of the note, and then files suit to collect the entire amount due on the note. It is at this point that the borrower seeks legal advice. A counterclaim is then filed in the original suit. The lender yells “GOTCHA — the statute of limitations under TILA has expired. The statute began to run when the note was executed.”
The issue to be decided in this case has been before the Court of Civil Appeals in Darrow v. Beneficial Finance Company, 370 So.2d 1001 (Ala.Civ.App.), cert. denied Ex parte Darrow, 370 So.2d 1005 (Ala.1979). The Court stated:
“The defendant contends that the trial court improperly dismissed his counterclaim against the plaintiff as time barred. The defendant argues this is so because a TILA counterclaim is in the nature of a recoupment rather than a setoff and thus is not subject to the statute of limitations which applies to setoffs under Code of Ala.1975, § 6-8-84.
“This court is not unfamiliar with the issue. In Hewlett v. John Blue Employees Federal Credit Union, Ala.Civ.App., 344 So.2d 505 (1976), cert. denied, Ex parte Hewlett, Ala., 344 So.2d 509 (1977), we held that counterclaims based on disclosure violations of the Federal TILA are in the nature of setoffs and not re-coupments. Therefore, the ‘relation back’ doctrine of ARCP 13(c) will not save defendant’s counterclaim from the applicable statute of limitations unless it is a legally subsisting claim at the time the plaintiff’s cause of action arises. Hewlett at 507; Code of Ala.1975, § 6-8-84. The statute of limitations applicable to the instant case is one year from the date of the violation, 15 U.S.C. § 1640(e), which is held to occur, if at all, when the loan contract is consummated. Wachtel v. West, 476 F.2d 1062 (6th Cir.), cert. denied, 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114 (1973).”
In Hewlett v. John Blue Employees Federal Credit Union, 344 So.2d 505 (Ala.Civ. App.1976), the Court of Civil Appeals explained the difference between setoff and recoupment by relying on a Georgia Court of Appeals case, Hodges v. Community Loan & Investment Corp., 133 Ga.App. 336, 210 S.E.2d 826 (1974), which held:
“The Truth-In-Lending counterclaim sub judice did not arise out of the mutual obligations or covenants of the loan transaction upon which this suit was founded but is independent thereof. Although the claim arose contemporaneously with the execution of the contract, it is not a product of a breach of any obligation or covenant therein; nor is it related either to the subject matter of the contract or the plaintiff’s suit. On the contrary, the borrower’s claim for recovery of a penalty created by federal law is an extrinsic by-product of this transaction and is not dependent upon the lender’s contractual obligations. It has no relationship to an infringement of the mutual obligations and stipulations of the transaction. In short, it is not a defense which goes to the justice of the lender’s claim but an affirmative action which demands a penalty for an independent wrong. Accordingly, borrowers’ counterclaim is in the nature of set-off, not recoupment.”
This Court denied certiorari in Hewlett, as shown by the Darrow quote hereinabove.
In retrospect, it appears that too much emphasis has been given § 6-8-84, Code 1975, and its “legal subsisting claim” provision, and not enough emphasis on Rule 13(a) and (c), ARCP. The Committee Comments to Rule 13 state:
“Some claims which may be asserted as counterclaims under Rule 13 could heretofore have been interposed by way of re-coupment or setoff at law, or by cross-bill in equity. But the counterclaim procedure here provided is so much more extensive than those former Alabama practices, that it is not worthwhile to list the respects in which this rule changes exist *1044 ing law. In general, the scheme of the rule is that any claim whatever which any party has against any opposing party may be asserted as a counterclaim. Rule 13(a), (b). It is immaterial whether the counterclaim is legal or equitable or in contract or in tort, or even whether it has any connection whatever with the plaintiffs claim. 6 Wright & Miller, Federal Practice and Procedure, § 1410 (1971). The counterclaim may ask for more or different relief than that sought by the opposing party, it need not run for all the parties on one side and against all the parties on the other, and it need not tend to diminish or defeat the recovery sought by the opposing party. Rule 13(c). Additional parties may be brought in to defend against the counterclaim where their presence is necessary for the granting of complete relief. Rule 13(h); 6 Wright & Miller, Federal Practice and Procedure, § 1434 (1971).
“Though any claim against an opposing party may be presented as a counterclaim, the rule also provides that such a claim must be pleaded as a counterclaim if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim. Rule 13(a). The purpose of this provision is to avoid circuity of actions, and to require assertion as counterclaims of those claims which are likely to turn on the same facts as the original claim. A counterclaim is compulsory if there is any logical relation of any sort between the original claim and the counterclaim.”
In Hewlett, the Court of Civil Appeals held that disclosure violations of the TILA are in the nature of setoffs — not recoup-ments. This holding was grounded on the theory that the TILA violation is independent of the lender’s contractual obligation. Thus, that court held, the TILA disclosure and the contract are separate transactions, and there can be no “relation back” for statute of limitations purposes.
While this Court denied certiorari in Hewlett and Darrow without opinion, it has since recognized that a Truth-In-Lending counterclaim is in fact in the nature of a recoupment — i.e., a compulsory counterclaim. Brooks v. Peoples National Bank of Huntsville, 414 So.2d 917 (Ala.1982). Brooks, following the Committee Comments to Rule 13, held that a counterclaim is compulsory if there is a logical relation of any sort between the original claim and the counterclaim. There is, certainly, a logical relation between the TILA disclosure and the terms of a promissory note, because (1) the note is the common basis for both claims, and (2) the credit terms and the disclosure requirements of the TILA are integral parts of the contract.
Finally, it is fundamentally unfair to permit a money lender to take advantage of a law that permits him to wait out the limitations period of a penalty statute, and escape its sanctions when he files suit to collect the debt. The penalty provisions of the TILA are not there to reward debtors. On the other hand, they are intended to deter creditors from shady practices.
We hold that in a collection suit a counterclaim filed for violation of TILA disclosure provisions is compulsory and is in the nature of recoupment, and under Rule 13(c) it relates back to the time the original plaintiff’s claim arose.
Darrow v. Beneficial Finance Company and Hewlett v. John Blue Employees Credit Union, supra, are hereby specifically overruled.
REVERSED AND REMANDED.
JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially, with whom BEATTY, J., concurs.

. “Any action under this section may be brought . .. within one year from the date of occurrence of the violation.”